IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KATHLEEN GONNELLA,

        Plaintiff

v.                                                       C-1-05-704

COMMISSIONER OF SOCIAL SECURITY,

        Defendant

## ORDER GRANTING ATTORNEYS' FEES

This matter is before the Court upon Report and Recommendation of the United States Magistrate Judge (doc. no. 29) to which there has been no objection. The Magistrate Judge recommended that plaintiff's counsel's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (doc. no. 23) be found **MOOT** and that plaintiff's counsel's Motion for Attorney Fees Under Social Security Act, 42 U.S.C. § 406(b) be granted. Plaintiff's attorney requests an award in the amount of $5,709.50 which represents approximately 25% of the past-due benefits payable to the plaintiff. No objections have been raised to the requested fee.

2

Under 42 U.S.C. § 406(b)(1), an attorney who represents a claimant is entitled to a reasonable fee not in excess of 25% of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. The statute does not contain explicit guidelines for determining the reasonableness of a given fee request. It is the responsibility of the Court to determine a reasonable fee based upon the services rendered in each case. Rodriquez v. Bowen, 865 F.2d 739 (6th Cir. 1989) (en banc).

The Commissioner's regulations note that when the Social Security Administration evaluates fee requests, it should consider not only the underlying purpose of the Act, but also the extent and type of legal services provided by the attorney, the relative complexity of the case, the level of skill and competence required, the amount of time spent on the case, the results achieved and the level at which a favorable determination was rendered. Id. at 745; 20 C.F.R. § 404.l725(b).

In the typical case, however, the quantity and quality of an attorney's services is not causally connected to the amount of benefits obtained. Rather, the size of the claimant's recovery depends on factors such as the claimant's past earnings, the number of dependents and, unfortunately, the delay inherent in the administrative and judicial processes. Id. at 743. Accordingly, the United States Court of Appeals for the Sixth Circuit has counseled that courts should not routinely approve the statutory maximum but that 25% should be used as a bench mark. Id. at 746.

3

The Court may consider the contingent nature of the compensation, the fee contract between the attorney and the claimant, and the time statements, if any, submitted by the attorney. Id. Although relevant, these factors are not necessarily dispositive and the Court is not bound to award recovery according to the fee contract. Id. "[I]f the agreement states that the attorney will be paid 25% of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption." Id.

Included in the Motion for Attorneys' Fees is an itemization of the time spent by plaintiff's counsel and it appears that counsel has accumulated over 17 hours in this matter.

Upon consideration, the Court finds that $5,709.50 is a reasonable award of fees for the instant case. Accordingly, plaintiff's counsel's Motion is hereby **GRANTED** and the Commissioner of Social Security is **ORDERED** to pay the sum of $5,709.50 or 25% of the award, whichever is less, directly to Henry D. Acciani, Esq., Hayes v. Secty. of Health and Human Services, 916 F.2d 351 (6th Cir. 1990), aff'd. on rehearing as modified, 923 F.2d 418 (6th Cir. 1991).

**IT IS SO ORDERED.**

    s/Herman J. Weber
Herman J. Weber, Senior Judge
United States District Court